Lisa A. Villasenor, Esq.
State Bar Number: 133984
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
One California Street, Suite 1100
San Francisco, CA 94111
Telephone:    (415) 217-6990
Facsimile:    (415) 217-6999
lav@mmker.com

Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

C 07 3532 EDL

| | |
|---|---|
| LOUELLA BOREN and LEROY BOREN, | Case No.: |
| Plaintiffs, | **NOTICE OF REMOVAL OF ACTION, DECLARATION OF LISA A. VILLASENOR IN SUPPORT OF REMOVAL** |
| vs. | |
| J.C. PENNEY CORPORATION, INC. and DOES 1-50, Inclusive | [28 U.S.C. §1441(b)] |
| Defendants. | |

# BY FAX

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendant, J.C. PENNEY CORPORATION, INC.,

(hereinafter "J.C. Penney") hereby removes to this Court the state court action described below:

1.    On May 30, 2007, an action was commenced in the Superior Court of the State of

California in and for the County of Alameda, entitled *LOUELLA BOREN and LEROY BOREN,*

*Plaintiffs, vs. J.C. PENNEY CORPORATION, INC., Defendants,* as case number RG07328348. A

copy of that Complaint and the Summons issued thereon is attached hereto as Exhibit "A."

2.    The first date upon which defendant J.C. Penney received a copy of plaintiff's

Complaint was June 12, 2007, when plaintiff delivered by Federal Express to defendant J.C.

Penney's Texas agent for service, a copy of the Complaint and Summons issued by the state court.

D:\docsdata\lav\Boren v J.C. Penney\Pleadings\NtcRemoval.Federal.wpd

NOTICE OF REMOVAL OF ACTION, DECLARATION OF LISA A. VILLASENOR IN SUPPORT

3.    The Summons and Complaint are all of the operative pleadings in this action to date.

4.    This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332 and is one that may be removed to this Court by defendant J.C. PENNEY CORPORATION, INC. pursuant to 28 U.S.C. § 1441 (b). It is a civil action between citizens of different states and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

5.    Defendant J.C. Penney is informed and believes that plaintiffs, LOUELLA BOREN and LEROY BOREN, were at the time of filing of this action and still are residents of Alameda County, California. Defendant J.C. Penney was at the time of filing the described action and still is a corporation organized, existing and incorporated under and by virtue of the laws of the State of Delaware and maintains its principal place of business in the City of Plano, State of Texas.

There is complete diversity of citizenship between plaintiffs and each and all of the defendants herein.

Dated: July 5, 2007

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
        Lisa A. Villasenor
        Attorneys for Defendant,
        J.C. PENNEY CORPORATION, INC.

-2-

D:\docsdata\lav\Boren v J.C. Penney\Pleadings\NtcRemoval.Federal.wpd

NOTICE OF REMOVAL OF ACTION, DECLARATION OF LISA A. VILLASENOR IN SUPPORT

DECLARATION OF LISA A. VILLASENOR IN SUPPORT OF REMOVAL

I, Lisa A. Villasenor, declare:

1.    I am an attorney at law duly licensed to practice before this Court and all of the courts of the State of California. I am an attorney with the law office of Manning & Marder, Kass, Ellrod, Ramirez LLP, the attorneys for defendant J.C. PENNEY CORPORATION, INC. in this action. If called upon to do so, I could and would testify to the following from my personal knowledge, except as to those matters stated on information and belief, as to which I believe them to be true.

2.    Based on the face page of the complaint, I am informed and believe and thereon allege that on May 30, 2007, this action was commenced in the Superior Court of the State of California for the County of Alameda as Case Number RG007328348. Attached hereto as Exhibit "A" is a copy of the Summons and Complaint that were purportedly delivered via Federal Express on the defendant's Texas agent for service, on June 12, 2007. A copy of the "Service of Process Transmittal," "transmittal letter of plaintiffs' counsel" and "Notice of Acknowledgement and Receipt " are attached collectively as Exhibit "B."

3.    The Complaint, at paragraphs 1 and 2, states that the plaintiffs were residents of the County of Alameda at the time of this incident, thus making them citizens of the State of California. Upon information and belief, J.C. Penney Corporation, Inc. is a Delaware corporation with its principal place of business in the State of Texas.

4.    The plaintiffs' lawsuit asserts two causes of action against the defendant, for Negligence and Loss of Consortium. Attached as Exhibit "C" is a true and correct copy of a demand letter sent by plaintiffs' counsel to the defendant's insurance adjuster, offering to settle Mrs. Boren's claim for $500,000. In the demand letter, the plaintiff is described to have medical bills are in excess of $18,000. The injuries suffered by Mrs. Boren allegedly include a fractured left foot, impingement and torn rotator cuff of the left shoulder and spondylolisthesis of the lumbar spine. Mrs. Boren is allegedly experiencing "significant pain" and may require shoulder surgery that would cost in "excess of $20,000." The plaintiffs' livelihood as house cleaners has allegedly been impacted as has Mrs. Boren's ability to engage in normal activities.  In light of these allegations, it

1    that the amount in controversy exceeds the $75,000 jurisdictional limit established by 28 U.S.C.

2    section 1332(a).

3        I declare, under penalty of perjury under the laws of the United States and State of

4    California, that the foregoing is true and correct, and that this Declaration was executed on July 5,

5    2007 at San Francisco, California.

6

7                                                      Lisa A. Villasenor

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-                     D:\docsdata\lav\Boren v J.C. Penney\Pleadings\NtcRemoval.Federal.wpd

NOTICE OF REMOVAL OF ACTION, DECLARATION OF LISA A. VILLASENOR IN SUPPORT

**EXHIBIT A**

EXHIBIT A

 

SUM-100

# SUMMONS
### (CITACION JUDICIAL)

<table>
<tr>
<td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
J.C.PENNY CORPORATION, INC. and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
LOUELLA BOREN AND LEROY BOREN

</td>
<td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAY 3 0 2007

CLERK OF THE SUPERIOR COURT
BY MARGARET J. DOWNIE
                 Deputy

</td>
</tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

<table>
<tr>
<td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Alameda County Superior Court, 1225 Fallon Street, Oakland CA 94612

</td>
<td>

CASE NUMBER:
*(Número del Caso):*
RG 07328348

</td>
</tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Maureen E. McFadden, Law Offices of Maureen E. McFadden, 819 Bancroft Way, Berkeley, CA 94710
Ph (510) 845-5203; Fax (510) 868-0976

<table>
<tr>
<td>DATE:<br>*(Fecha)*   MAY 3 0 2007</td>
<td>PAT S. SWEETEN</td>
<td>Clerk, by<br>*(Secretario)*   MARGARET J. DOWNIE</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

<table>
<tr>
<td>

[SEAL]

</td>
<td>

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
         [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
         [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
         [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

</td>
</tr>
</table>

Page 1 of 1

<table>
<tr>
<td>Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004]</td>
<td>**SUMMONS**</td>
<td>Code of Civil Procedure §§ 412.20, 455<br>American LegalNet, Inc. [www.USCourtForms.com]</td>
</tr>
</table>

ENDORSED
FILED
ALAMEDA COUNTY

MAY 3 0 2007

CLERK OF THE SUPERIOR COURT
By MARGARET J. DOWNIE
Deputy

Maureen E. McFadden, SBN 2037201
LAW OFFICES OF MAUREEN E. MCFADDEN
819 Bancroft Way
Berkeley, CA 94710
Ph (510) 2045-5203
Email: maureen@mcfaddenlaw.net

Attorneys for Plaintiffs
LOUELLA BOREN AND LEROY BOREN

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

|  |  |
|---|---|
| LOUELLA BOREN AND LEROY BOREN, | Case No.: R G 0 7 3 2 8 3 4 8 |
| Plaintiffs, | **COMPLAINT FOR DAMAGES** |
| vs. | 1. Negligence — Dangerous Condition<br>2. Loss of Consortium |
| J.C.PENNEY CORPORATION, INC. and DOES 1-50, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | BY FAX |

Plaintiffs Louella Boren and LeRoy Boren allege as follows:

1.     Plaintiff Louella Boren is an individual, and was a resident of Alameda County at all times relevant to this complaint.

2.     Plaintiff LeRoy Boren is an individual, and was a resident of Alameda County at all times relevant to this complaint.

3.     J.C.Penney Corporation, Inc. is a corporation, organized and existing under the laws of the state of Deleware.  Defendants are retail stores with locations throughout the United States, including in California.

4.     The injuries complained of by plaintiffs herein were all sustained in Alameda County.

5.     Plaintiff does not know the true names, capacities, or basis for liability of defendants sued in this action as DOES 1-50, inclusive, and will amend this complaint when the same is ascertained. At all times relevant to this complaint, each defendant, including any defendant fictitiously named, was

COMPLAINT - 1

 

1 │ acting as the agent, servant, employee, partner, or joint venturer of each other defendant in doing the

2 │ things alleged herein, and is responsible in some manner for the damages claimed herein by the plaintiff.

3 │ ### FIRST CAUSE OF ACTION

4 │ #### Negligence – Dangerous Condition

5 │ #### (Against all Defendants)

6 │    6.    Plaintiffs incorporate by reference the allegations of paragraphs 1-5 above, as though

7 │ fully set forth herein.

8 │    7.    At all times relevant to this complaint, defendants were the owners and operators of the

9 │ J.C.Penney store in Hayward, California.

10 │    8.    On or about July 23, 2005, the premises of the J.C.Penney store at 340 Southland Mall, in

11 │ Hayward, California, and all its merchandise, fixtures and display equipment therein were owned and

12 │ under the control of the defendants, and such defendants were responsible for the maintenance and

13 │ inspection thereof.

14 │    9.    On or about July 23, 2005, a mattress frame encased in plastic was displayed in an

15 │ dangerous and unsafe fashion, in that it was sticking out into the aisle, which is intended solely for

16 │ walking. This condition was exacerbated by its location near a corner, so that a person walking around

17 │ the corner would immediately come upon this dangerous condition.

18 │    10.    At the above time and place, the mattress frame encased in plastic, and all other nearby

19 │ merchandise, fixtures and display equipment, were owned, maintained and used by defendants.

20 │ Defendants had a duty to inspect the premises and discover said conditions which were obvious and, upon

21 │ information and belief, existed for a period of time on and before July 23, 2005. Defendants negligently

22 │ displayed the plastic-encased mattress frame in an unsafe manner, and further negligently failed to

23 │ inspect the area, thereby creating a foreseeably dangerous condition. The defendants further negligently

24 │ failed to warn or otherwise notify the plaintiffs of the dangerous condition and the possibility of harm.

25 │    11.    On or about July 23, 2005, defendants negligently failed to maintain their premises in a

26 │ reasonably safe condition, thereby leaving it in a dangerous, defective and unsafe state. Defendants

27 │ thereby exposed plaintiffs to a dangerous and harmful condition that could cause injury.

28 │

COMPLAINT - 2

1    12.    On or about July 23, 2005, plaintiffs entered the J.C. Penney in Hayward, California to
2  shop at the store. Shortly after plaintiff Louella Boren turned a corner, her right foot became caught in
3  plastic sheeting material attached to and on the floor around a large mattress frame that was sticking out
4  into the walkway. She fell hard onto her knees, slid, and then fell completely onto the ground, landing on
5  her stomach, causing severe injury.

6    13.    As a proximate result of the aforesaid dangerous condition and negligence of the
7  defendants, and each of them, plaintiff Louella Boren was injured in her health, strength and activity,
8  sustaining bodily injury, physical pain and suffering, emotional distress, wage loss, hospital and medical
9  expenses, loss of earning capacity, and other damages according to proof.

10                                **SECOND CAUSE OF ACTION**

11                                    **Loss of Consortium**

12                                    **(Against all Defendants)**

13    14.    Plaintiffs incorporate by reference the allegations of paragraphs 1-13 above, as though
14  fully set forth herein.

15    15.    On July 23, 2005, and up to and including the present date, plaintiff Louella Boren was
16  and is legally married to and residing with plaintiff LeRoy Boren.

17    16.    By reason of the aforesaid negligent and careless conduct of defendants, plaintiff LeRoy
18  Boren has been deprived of the services of his spouse, Louella Boren, and has been further denied her
19  care, assistance, comfort and society, and his care, comfort and society have been impaired. Plaintiff
20  LeRoy Boren is informed and believes, and based thereon alleges, that such impairment will be
21  permanent, to his general damage in an amount according to proof.

22    WHEREFORE, Plaintiffs prays for judgment against defendants, and each of them, as follows:

23    1.    For general damages;

24    2.    For medical and related  expenses according to proof;

25    3.    For special damages;

26    4.    For costs of suit herein;

27    5.    For interest on all sums owed at the maximum legal rate;

28    6.    For attorneys' fees according to law; and

7.    For such other and further relief as the Court may deem proper.

DATED: May 29, 2007                    LAW OFFICES OF MAUREEN E. MCFADDEN

                                       By:
                                           Maureen E. McFadden

                                       Attorneys for Plaintiffs
                                       LOUELLA BOREN AND LEROY BOREN

COMPLAINT - 4

**EXHIBIT  B**

EXHIBIT B

 

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/12/2007
Log Number 512307261

JUN 1 3 2007

**TO:**     Irma Gonzalez
J. C. Penney Corporation, Inc.
6501 Legacy Dr., Mail Station 1122
Plano, TX, 75024-3698

**RE:     Process Served in Texas**

**FOR:**    J. C. Penney Corporation, Inc. (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Louella Boren and Leroy Boren, Pltfs. vs. J.C. Penney Corporation, Inc. et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Original Complaint, Notice(s), Attachment(s), Self-Addressed Stamped Envelope |
| **COURT/AGENCY:** | Superior Court, County of Alameda, CA<br>Case # RG07328348 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 7/23/05 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Courier on 06/12/2007 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days - to file answer // Within 20 days - notice |
| **ATTORNEY(S) / SENDER(S):** | Law Offices of Maureen E. McFadden<br>819 Bancroft Way<br>Berkley, CA, 94710<br>510-204-5203 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 791319937631<br>Email Notification, Irma Gonzalez igonz3@jcpenney.com<br>Email Notification, Angie Jensen AJENS1@JCPENNEY.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Beatrice Casarez<br>350 North St. Paul Street<br>Dallas, TX, 75201<br>214-932-3601 |

Mahint
1844
Hayward, CA

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents.

 

# LAW OFFICES OF MAUREEN E. MCFADDEN



819 Bancroft Way
Berkeley, CA 94710
www.mcfaddenlaw.net

June 11, 2007

Ph (510) 845-5203
Fax (510) 868-0976
maureen@mcfaddenlaw.net

### VIA FEDERAL EXPRESS

CT CORP SYSTEM
350 N. St. Paul Street
Dallas, TX 75201

> Re: *Louella Boren v. J.C.Penney Corporation, Inc.*
> Alameda County Superior Court Case No. RG07328348

To Whom It May Concern:

I am enclosing the following documents in the above-referenced matter:

- A copy of the summons and complaint;

- Notice of case management conference and order

- Two copies of a Notice and Acknowledgement and Receipt; and

- A return envelope, postage pre-paid.

Please return an executed copy of the Notice and Acknowledgement of Receipt form to me. Thank you for your attention to this matter.

Very Truly Yours,

LAW OFFICES OF MAUREEN E. MCFADDEN

Maureen E. McFadden

Encl.

 

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Maureen E. McFadden, SBN 203781<br>LAW OFFICES OF MAUREEN E. MCFADDEN<br>819 Bancroft Way<br>Berkeley, CA 94710<br><br>TELEPHONE NO.: (510) 845-5203       FAX NO. *(Optional)*: (510) 868-0976<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiffs Louella Boren and LeRoy Boren | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda<br>STREET ADDRESS: 1225 Fallon Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Oakland, CA<br>BRANCH NAME: Rene C. Davidson Courthouse |

| |
|---|
| PLAINTIFF/PETITIONER: Louella Boren and LeRoy Boren<br><br>DEFENDANT/RESPONDENT: J.C.Penney Corporation, Inc. et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>RG07328348 |

TO *(insert name of party being served)*: J.C.Penney Corporation, Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 11, 2007

Maureen E. McFadden
      (TYPE OR PRINT NAME)                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify)*:
      ADR Information Packet, Notice of Case Management Conference and Order

*(To be completed by recipient):*

Date this form is signed:

      ▶

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

 

POS-015

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Maureen E. McFadden, SBN 203781<br>LAW OFFICES OF MAUREEN E. MCFADDEN<br>819 Bancroft Way<br>Berkeley, CA 94710<br><br>    TELEPHONE NO.: (510) 845-5203        FAX NO. (Optional): (510) 868-0976<br>E-MAIL ADDRESS (Optional):<br>    ATTORNEY FOR (Name): Plaintiffs Louella Boren and LeRoy Boren | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda |
|---|
| STREET ADDRESS: 1225 Fallon Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Oakland, CA |
| BRANCH NAME: Rene C. Davidson Courthouse |

| PLAINTIFF/PETITIONER: Louella Boren and LeRoy Boren |
|---|
| DEFENDANT/RESPONDENT: J.C.Penney Corporation, Inc. et al. |

| | CASE NUMBER: |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | RG07328348 |

TO (insert name of party being served): J.C.Penney Corporation, Inc.

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 11, 2007

Maureen E. McFadden
            (TYPE OR PRINT NAME)                                     (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. ☑ A copy of the summons and of the complaint.
2. ☑ Other (specify):
    ADR Information Packet, Notice of Case Management Conference and Order

(To be completed by recipient):

Date this form is signed:

            (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,              (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
                ON WHOSE BEHALF THIS FORM IS SIGNED)                      ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]            **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**            Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com

**EXHIBIT C**

EXHIBIT C



# LAW OFFICES OF MAUREEN E. MCFADDEN

819 Bancroft Way
Berkeley, CA 94710
www.mcfaddenlaw.net

September 22, 2006

Ph (510) 845-5203
Fax (510) 868-0976
maureen@mcfaddenlaw.net

Charles L. Frost
Casualty Claims Specialist, AIG Claim Services
P.O. Box 25588
Shawnee Mission, KS 66225

Re:   Your File No.: 684Ø09631Ł
        Policy No.:   RMGL 600-76-90
        Claimant:    Louella Boren

Dear Mr. Frost:

This letter is written pursuant to Evidence Code § 1152, in an effort to settle the Borens' claims against JCPenney.

On July 23, 2005, the Borens were shopping at the Hayward, California JCPenney store. Mrs. Boren turned a corner and her right foot became caught in plastic sheeting material attached to and on the floor around a large bed frame that was sticking out into the walkway. She fell hard onto her knees, slid, and then fell completely onto the ground, landing on her stomach. Mrs. Boren's husband and another shopper witnessed the accident.

As a retail business, JCPenney had a duty to keep its premises safe and free of hazards. McKenny v. Quality Foods, Inc. (1957) 156 Cal.App.2d 349, 353. JCPenney's placement of a bed frame with plastic sheeting material sticking out into the walkway was negligent and created a dangerous tripping hazard. The dangerousness of this condition was heightened by the fact that the obstructed walkway would have not have become apparent until a shopper turning the corner was already upon it. Should this matter proceed to litigation, a jury will hold JCPenney liable for the serious injuries and associated damages Mrs. Boren sustained in this accident.

Mrs. Boren's entire body was in pain after the accident. In particular, she experienced sharp pain in her neck, shoulders, lower back, and left leg and left foot. She was also covered with bruises from the fall, including bruises on her elbows, forearms, knees, and ankles. Mrs. Boren received initial emergency room treatment at St. Rose Hospital, where physicians noted her many contusions, and diagnosed her with a back sprain. (Records from St. Rose Hospital are attached hereto as Exhibit 1).

In the week after the accident, the pain in Mrs. Boren's left leg and foot became so severe that she was unable to put any pressure on her left foot at all, which precluded walking or performing any of her ordinary daily activities. Mrs. Boren was forced to seek further emergency treatment from from St. Louise Hospital. The physicians at St. Louise Hospital diagnosed Mrs. Boren with sciatica, and prescribed vicodin and valium. (Records from St. Louise Hospital are attached hereto as Exhibit 2).

Mrs. Boren has received treatment associated with this accident from her regular physician, Dr. Gloria Carreon, on numerous occasions between August 1, 2005 and the present. Dr. Carreon initially diagnosed Mrs. Boren with a foot sprain, ankle sprain, back sprain, sciatica, and hip and leg pain. Mrs. Boren continued experiencing severe low back pain radiating down her left leg. A September 2005




MRI revealed anterior spondylolisthesis of L4 on L5 – Mrs. Boren's back had literally shifted. Dr. Carreon's records show that Mrs. Boren was active, and without significant back or other health issues prior to the July 23, 2005, accident. (Records from Dr. Carreon are attached hereto as Exhibit 3).

From August 1, 2005, through July 24, 2006, Mrs. Boren received treatment from podiatrist Daniel Gomes for her left foot injuries sustained in the July 23, 2005, accident. Dr. Gomes diagnosed Mrs. Boren with a fracture of o.s. navicular in her left foot, accompanied by severe swelling. Mrs. Boren was required to wear a cast on her left foot for nearly six weeks, to allow healing. Mrs. Boren's mobility was extremely limited during this time period, given her limited ability to walk and her physician's instructions to keep her foot elevated and rest. Mrs. Boren's husband and daughter, Connie Davenport, cared for her during this time period. Mrs. Boren is entitled to recover the reasonable value of gratuitously furnished home nursing services provided by her relatives. Rodriguez v. McDonnel Douglas Corp. (1978) 87 Cal.App.3d 626. The prevailing market rate for nursing/attendance services provided by Mr. Boren during this period is estimated at $1800.00. Although her left foot pain has improved, Mrs. Boren still experiences tingling/burning sensations in her foot and substantial continuing pain in her left leg. (Records from Dr. Gomes are attached hereto as Exhibit 4).

Dr. Raghu Katragadda treated Mrs. Boren for the chronic back pain radiating into her lower extremities. Dr. Katragadda diagnosed Mrs. Boren with left shoulder pain, cervical radiculopathy, cervical radiculitis, and lumbar pain. In early 2006, Dr. Katragadda noted that Mrs. Boren's shoulder injury rendered her unable to move/raise her shoulder, and unable to perform ordinary daily activities. (Records of Dr. Katragadda are attached as Exhibit 5).

Beginning in December 2005 and continuing to the present, Mrs. Boren has received medical treatment from Dr. Jan Henstorf. According to Dr. Henstorf's notes, in December 2006 Mrs. Boren was still experiencing neck pain, shoulder pain, low back pain radiating into the legs, and a burning sensation in her feet. In early 2006, Dr. Henstorf diagnosed Mrs. Boren with impingement syndrome in her left shoulder. Mrs. Boren has received several cortisone shots for the pain in her shoulder/back, but these have provided only limited and temporary pain relief. As of July 19, 2006, Dr. Henstorf noted that Mrs. Boren's pain in her left shoulder area was still significant, with limited range of motion, increased pain with abduction and forward flexion, and tenderness in the area of the acromioclamicular joint. (Records from Dr. Henstorf are attached hereto as Exhibit 6).

Finally, Mrs. Boren has had 24 session of physical therapy with Prefer Rehab Physical Therapy, Inc., from 8/2-8/25/05, and more recently, from 7/7/06-7/26/06. In the most recent report from July 26, 2006, the therapist noted continuing soft tissue irritation associated with the July 23, 2005 accident. He also noted that although Mrs. Boren's pain had improved somewhat with therapy, she was still experiencing sharp pain in her left shoulder radiating to the left side of her neck, her left shoulder was noticeably elevated, and she was experiencing difficulty with overhead movements or performing any household activities. (Records from Prefer Rehab Physical Therapy, Inc. are attached hereto as Exhibit 7).

Mrs. Boren's special medicals for treatment associated with the July 23, 2006, accident are in excess of $18,000. Documentation of the costs associated with Mrs. Boren's care to date, to the extent not already included along with medical records produced herewith, are identified in the Medicare document attached hereto as Exhibit 8. Note that this document does not reflect treatment for the last several months. In particular, within the last several weeks an MRI revealed a torn rotator cuff in Mrs.

000165

 

Boren's shoulder. Mrs. Boren is presently undergoing a new round of physical therapy for her shoulder. Because the cortisone shots and further physical therapy have had only limited effectiveness in managing Mrs. Boren's chronic pain, it now appears that surgery will be necessary, at an estimated cost in excess of $20,000. After such surgery, further physical therapy and continuing medical care will also be necessary. Finally, Mrs. Boren's out of pocket costs for prescription co-pays and necessary medical supplies are in excess of $500.00, as partially set forth in the documents attached hereto as Exhibit 9.

Prior to this accident, Mrs. Boren and her husband cleaned houses together for approximately 25-30 hrs/week, and received income of approximately $1700-1800/month from that work. They now earn only approximately $720-$960/month for that work, and this loss is continuing. Mrs. Boren attempted to resume her housecleaning after the accident, but had great difficulty doing so. Because of the pain in her back, shoulder, and legs, her inability to reach or lift, and her inability to stand for even moderate periods of time, Mrs. Boren is unable to perform many of the tasks she previously performed when cleaning houses, such as mopping, cleaning bathtubs, or cleaning anything above her shoulder. Because they worked as a team cleaning homes, Mr. Boren has also had to greatly reduce his hours, and/or obtain additional outside assistance from Connie Davenport or others to complete cleaning projects. The house cleaning projects are paid at a flat rate per home. As Mr. Boren has been forced to take over more housecleaning tasks that Mrs. Boren previously performed, the Borens now work at a slower pace, so that they earn both less per hour and less money in total. Prior to the accident, Mrs. Boren also used to babysit her young grandchildren. Because of her current physical limitations, including the fact that she can no longer lift her grandchildren, it is no longer safe for her to babysit.

Because of the accident, Mrs. Boren's participation in many of the activities she previously enjoyed is either impossible or greatly reduced. Mrs. Boren is deaf. Prior to the accident, she greatly enjoyed participating in regularly scheduled events with a deaf senior citizens' organization, including camping, card and board games, bocce, golf bola, swimming, and bowling.   These events are sometimes held in different cities. Because of Mrs. Boren's pain, the great amount of time she has been forced to spend receiving medical treatment, and her inability to sit, stand or walk for extended periods, the Borens' participation in these activities, even the local activities, has been sharply curtailed. By way of further example, Mrs. Boren used to comfortably walk up to 3-4 miles/day. She can no longer do so. She also used to enjoy shopping, but now can only shop for a maximum of 30 minutes without experiencing pain/discomfort. Because she cannot reach, lift objects, or sit or stand for even moderate lengths of time, Mrs. Boren can also no longer perform many household chores that she used to perform, such as cooking and cleaning. Connie Davenport and/or Mr. Boren have been forced to handle the cooking, cleaning and home care activities previously taken care of by Mrs. Boren. Unfortunately, no relief is in sight. If Mrs. Boren is forced to undergo surgery on her shoulder, as is anticipated, she will be unable to lift the affected arm/shoulder for six months thereafter.  Thus, Mrs. Boren's physical limitations will certainly continue for some time, and her prognosis after surgery is unknown.

Although over a year has passed since the accident, Mrs. Boren continues to experience significant pain from her injuries, including in particular pain in her left shoulder, legs, and lower back. Nevertheless, Mrs. Boren wants to move on with her life and will agree to settlement of all claims against JCPenney for $500,000. This figure is based on Mrs. Boren's medical bills and wage loss, as well as her past and future pain and suffering. California allows an injured party to recover damages for future pain and suffering. Lopez v. Morrison (1944) 23 Cal.2d 600, 611. And, "a plaintiff may



– 4 –                                         September 22, 2006

recover not only for physical pain and suffering but for fright, nervousness, grief, anxiety, embarrassment, apprehension, terror, or ordeal." Carpelouto v. Kaiser Foundation Hospitals (1972) 7 Cal.3d 889, 892. We believe this is a fair pre-litigation settlement offer for Mrs. Boren's claims.

The Borens have been married for 36 years. The severity of Mrs. Boren's injuries seriously impacted Mr. Boren as well, in that his wife became unable to engage in routine household activities or contribute to the family's financial and moral support. Mr. Boren has an independent claim against JCPenny for loss of consortium, based on the loss of support, services, love, companionship, society, affection, intimacy, and solace he suffered when his wife was injured. Rodriguez v. Bethlehem Steel Corp. (1974) 12 Cal.3d 382. Mr. Boren will agree to settlement of his claim against JCPenney for $60,000.

I look forward to discussing these offers with you and reaching amicable settlements. Please respond to this offer within two weeks of the date of this letter.

Very Truly Yours,

LAW OFFICES OF MAUREEN E. MCFADDEN

Maureen E. McFadden

Encl.

cc.     Clients

000167

Rx Date/Time     MAY-20-20  (  )N) 23:53                                              P. UUI
· MAY 21 2007 12:22 FR ON   GAL SANTACLARA#4               TO 28(  )37          P.01

APR 2 5 2007

ENDORSED MC-050

FOR COURT USE ONLY

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | |

Kim James, Esq. (SB# 103130)
Nelson, Perlov & Lee
339. So. San Antonio Road
Los Altos, CA 94022
  TELEPHONE NO.: (650) 941-6161   FAX NO. (Optional): fax (650) 949
E-MAIL ADDRESS (Optional): kjames@npllaw.com
ATTORNEY FOR (Name): VF MALL, LLC, a Delaware limited liability company

2007 MAY 21  P 2: 05

KM TESE, QERK OF THE SUPERIOR COURT
COURT OF SANTA CLARA, CALIFORNIA
BY
DEPUTY CLERK

A. FLORESCA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara (served as Westfield
                                              Shoppingtown Valley Fair)
 STREET ADDRESS: 191 North First Street
 MAILING ADDRESS: San Jose, CA 95113
 CITY AND ZIP CODE: .
 BRANCH NAME: Unlimited Jurisdiction

CASE NAME: CHARLES REDMOND vs. WESTFIELD
SHOPPINGTOWN VALLEY FAIR, et al

| | |
|---|---|
| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | **CASE NUMBER:**<br>1 06 CV 066667 |

                                   VF MALL LLC, A Delaware limited liability company (served as Westfield
THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Shoppingtown Valley Fair)  makes the following substitution:
1. Former legal representative ☐ Party represented self   ☒ Attorney *(name):* Kim James
2. New legal representative ☐ Party is representing self   ☒ Attorney Lisa A. Villasenor
  a. Name: Lisa A. Villasenor              b. State Bar No. *(if applicable):* 133984
  c. Address *(number, street, city, ZIP, and law firm name, if applicable):* Manning & Marder, Kass, Ellrod,
   Ramirez, 625 Market Street, 4th fl, San Francisco, CA 94105

  d. Telephone No. *(include area code):* (415) 537 6990   fax (415) 537 6990
3. The party making this substitution is a   ☐ plaintiff ☒ defendant ☐ petitioner ☐ respondent ☐ other *(specify):*

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian          • **Personal Representative**      • Guardian ad litem
- **Conservator**       • **Probate fiduciary**          • Unincorporated
- **Trustee**           • **Corporation**                 association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form
to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

**NOTICE TO PARTIES WITHOUT ATTORNEYS**

A party representing himself or herself may wish to seek legal assistance. Failure to take
timely and appropriate action in this case may result in serious legal consequences.

4. I consent to this substitution.
  Date: March     2007

VF MALL, LLC   by: _____
         (TYPE OR PRINT NAME)        National Risk (Management Coordinator

5. ☒ I consent to this substitution.
  Date: March 28, 2007          NELSON, PERLOV & LEE

Kim James                      _____
         (TYPE OR PRINT NAME)           (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
  Date: March    2 2007         MANNING, MARDER, KASS, ELLROD, RAMIREZ
Lisa A. Villasenor, Esq.
         (TYPE OR PRINT NAME)           (SIGNATURE OF NEW ATTORNEY)

                     (See reverse for proof of service by mail)                          Page 1 of 2