Lisa A. Villasenor, Esq.
State Bar Number: 133984
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
One California Street, Suite 1100
San Francisco, CA 94111
Telephone:   (415) 217-6990
Facsimile:    (415) 217-6999

Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUELLA BOREN and LEROY BOREN,<br><br>            Plaintiffs,<br><br>vs.<br><br>J.C. PENNEY CORPORATION, INC.,<br><br>            Defendants. | Case No.: C 07-03532 EDL<br><br>**DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

### DEFENDANT'S ANSWER TO COMPLAINT

Defendant, J.C. PENNEY CORPORATION, INC. ("J.C. Penney") through its counsel answers the Complaint of Plaintiffs, LOUELLA BOREN and LEROY BOREN ("Plaintiffs").

1. J.C. Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph one of the Complaint and on that basis, denies each and every allegation contained thereon.

2. J.C. Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph two of the Complaint and on that basis, denies each and every allegation contained thereon.

///

///

3.    J.C. Penney admits the allegations contained in paragraph three of the Complaint.

4.    J.C. Penney is without sufficient knowledge or information to form a belief as to the to he truth of the allegations contained in paragraph four of the Complaint and on that basis, denies each and every allegation contained thereon.

5.    J.C. Penney is without sufficient knowledge or information to form a belief as to the to he truth of the allegations contained in paragraph five of the Complaint and on that basis, denies each and every allegation contained thereon.

6.    J.C. Penney admits the allegations contained in paragraph six of the Complaint.

7.    J.C. Penney admits the allegations contained in paragraph seven of the Complaint.

8.    J.C. Penney admits the allegations contained in paragraph eight of the Complaint in so far only as they pertain to maintenance and inspection, but denies control as pled by Plaintiff in paragraph eight of the Complaint.

9.    J.C. Penney denies the allegations contained in paragraph nine of the Complaint.

10.    J.C. Penney denies the allegations contained in paragraph ten of the Complaint.

11.    J.C. Penney denies the allegations contained in paragraph eleven of the Complaint.

12.    J.C. Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph twelve of the Complaint and on that basis, denies each and every allegation contained thereon.

13.    J.C. Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph thirteen of the Complaint and on that basis, denies each and every allegation contained thereon.

14.    J.C. Penney admits the allegations contained in paragraph fourteen of the Complaint.

15.    J.C. Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint and on that basis, denies each and every allegation contained thereon.

16.    J.C. Penney is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph sixteen of the Complaint and on that basis, denies each and every allegation contained thereon.

17. J.C. Penney denies the allegations and demands contained in Plaintiff's Prayer for Judgment. J.C. Penney denies that Plaintiffs are entitled to any requested relief.

### FIRST AFFIRMATIVE DEFENSE

18. J.C. Penney affirmatively pleads that some of Plaintiff's claims may be barred by the applicable Statute of Limitations, including, but not limited to, California Code of Civil Procedure §§ 335, 335.1.

### SECOND AFFIRMATIVE DEFENSE

19. J.C. Penney affirmatively pleads that Plaintiffs' damages are speculative.

### THIRD AFFIRMATIVE DEFENSE

20. J.C. PENNEY is informed and believes and based thereon alleges that any and all events and happenings in connection with the letters alleged in the Complaint, and the resulting damages allegedly suffered by the Plaintiffs, were proximately caused and contributed to by the independent, intervening, negligent and unlawful conduct of independent third parties and/or their agents (excluding J.C. PENNEY) which therefore bars Plaintiffs from recovering the damages sought in the Complaint from J.C. PENNEY.

### FOURTH AFFIRMATIVE DEFENSE

21. J.C. PENNEY affirmatively pleads that if it should be found that J.C. PENNEY is in any manner legally responsible for damages sustained by Plaintiffs, if any, which supposition is not admitted, but merely stated for purposes of this affirmative defense, it should be found that any damages determined to have been incurred or suffered by Plaintiffs in this action were proximately caused or contributed to by others, including other DOES or unnamed defendants in this case, whether served or not served and/or proximately caused or contributed to by other persons or entities not parties to this action.

### FIFTH AFFIRMATIVE DEFENSE

22. Upon information and belief it is alleged that Plaintiffs failed to mitigate their alleged damages, if any.

///

///

### SIXTH AFFIRMATIVE DEFENSE

23. Upon information and belief it is alleged that Plaintiffs are barred from belief by the Doctrines of Laches, Waiver, Release and Estoppel, and each of said Doctrines, due to their own acts and/or omissions and/or due to the acts and/or omissions of their partners or agents (excluding J.C. PENNEY), with reference to the subject matter of the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

24. Upon information and belief it is alleged that Plaintiffs' cause of action for negligence is barred or their recovery should be diminished because the alleged damage was caused by Plaintiffs' failure to exercise ordinary care on their own behalf for their own safety.

### EIGHTH AFFIRMATIVE DEFENSE

25. Upon information and belief it is alleged that at the time and place referred to in the Complaint and before such event, Plaintiffs knew the risk in placing themselves in the position which they then assumed, and voluntarily assumed such risks, including, but not limited to, the risk of suffering personal bodily injury.

### NINTH AFFIRMATIVE DEFENSE

26. Upon information and belief it is alleged that the injury to Plaintiffs did not occur in a way that is reasonably foreseeable as a consequence of the alleged dangerous condition of the property.

### TENTH AFFIRMATIVE DEFENSE

27. Upon information and belief it is alleged that J.C. Penney did not have actual or constructive notice of the dangerous condition a sufficient time before the accident within which measures could have ben taken to protect against the dangerous condition.

### ELEVENTH AFFIRMATIVE DEFENSE

28. Upon information and belief it is alleged that the condition of the property which is allegedly resulted in the injury claimed by Plaintiffs creates a minor, trivial, or insignificant risk of injury.

///

///

### TWELFTH AFFIRMATIVE DEFENSE

29. Upon information and belief it is alleged that the damages sustained or to be sustained by Plaintiffs, if any, were proximately caused or contributed to by the act of negligence by Plaintiffs and that they personally participated in a negligent act or omission which brought about the injuries or damages of which she is complaining. Consequently, neither the law nor any agreement entitles Plaintiffs to an indemnity.

### THIRTEENTH AFFIRMATIVE DEFENSE

30. Upon information or belief it is alleged that the Plaintiffs are barred from relief under the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

31. Upon information and belief it is alleged that the damages claimed by Plaintiffs, or to which Plaintiffs are entitled to recover, if any, are *de minimis* and trivial in nature.

WHEREFORE, J.C. Penney Prays as follows:

1. That Plaintiffs take nothing by reason of their Complaint, that judgment be rendered in favor of Defendant and that this Court dismiss Plaintiffs' Complaint in its entirety;

2. That Defendant be awarded its costs and defense of this action; and

3. For such other and for the relief as this Court finds just and deems proper.

Dated: July 18, 2007

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
Lisa A. Villasenor
Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.

D:\docsdata\lav\Boren v J.C. Penney\Pleadings\Answer.wpd

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

COMES NOW, defendant, J.C. PENNEY CORPORATION, INC. and hereby demands a jury trial in the above-encaptioned matter.

Dated: July 18, 2007

MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP

By: _____
Lisa A. Villasenor
Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One California Street, Suite 1100, San Francisco, CA 94111.

On July 18, 2007, I served the document described as DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Maureen E. McFadden, Esq.<br>Law Offices of Maureen E. McFadden<br>819 Bancroft Way<br>Berkeley, CA 94710<br>*Phone: (510) 845-5203*<br>*Fax:   (510) 868-0976* | **Attorney for Plaintiffs**<br>**LOUELLA BOREN and LEROY BOREN** |

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

   I placed such envelope with postage thereon prepaid in the United States mail at San Francisco, California.

   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in an envelope for collection and delivery on this date in accordance with standard _____ overnight delivery procedures.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number:  .

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 18, 2007 at San Francisco, California.

_____
Carlos Rios

DEFENDANT J.C. PENNEY CORPORATION, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL