Lisa A. Villasenor
State Bar No. 133984
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
One California Street, Suite 1100
San Francisco, CA 94111
Telephone:    (415) 217-6990
Facsimile:    (415) 217-6999
lav@mmker.com

Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.

Maureen E. McFadden, Esq.
State Bar Number: 203781
**LAW OFFICES OF MAUREEN E. MCFADDEN**
819 Bancroft Way
Berkeley, CA 94710
Telephone:    (510) 845-5203
Facsimile:    (510) 868-0976
maureen@mcfaddenlaw.net

Attorneys for Plaintiffs,
LOUELLA BOREN and LEROY BOREN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUELLA BOREN and LEROY BOREN, | Case No.: C 07-03532 EDL |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER** |
| vs. | **[CIVIL L.R.16-9]** |
| J.C. PENNEY CORPORATION, INC., | Conference Date: October 9, 2007 |
| Defendant. | Time: 10:00 a.m. |
| | Courtroom: E |

The parties, by and through their respective counsel, hereby jointly submit this Case Management Conference Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER [CIVIL L.R.16-9] - 1

## 1. Jurisdiction and Service

The court has jurisdiction over this matter pursuant to diversity between the parties and defendant has removed this action from Alameda Superior Court based on diversity between the parties and removal jurisdiction (28 U.S.C. Section 1441(b)) and the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. The parties are unaware of any other parties remaining to be served.

## 2. Facts

A. Plaintiff's Version:

On or about July 23, 2005, the JCPenney store in Hayward, California had a mattress frame encased in plastic displayed in a dangerous and unsafe fashion. Mrs. Boren's foot became stuck in the plastic sheeting material, causing her to fall hard onto her knees, slide, and then fall completely onto the ground. Mrs. Boren sustained serious injuries in the incident. Plaintiffs disagree with defendant's characterization of the facts and operative pleadings.

B. Defendant's Version:

Plaintiff alleges that on July 23, 2005 she fell forward, onto her knees, after walking into an upright headboard that was leaning up in a furnishings department aisle of a J.C. Penney store located at Southland Mall store.

Plaintiff's career has been labor intensive as a housekeeper. Nonetheless, plaintiff alleges that her shoulder injury and subsequent surgery were caused solely by the J.C. Penney incident.

J.C. Penney alleges that the headboard encountered by plaintiff was open and obvious.

Leroy Boren, alleged husband of Luella Boren, is making a claim for loss of consortium. As there has been no discovery on this claim, J.C. Penney is unable to comment further on that cause of action.

JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER [CIVIL L.R.16-9] - 2

### 3. The Principal Factual Issues the Parties Dispute

The principal factual issues in dispute are:

1. The nature of the physical layout of the aisles where the plaintiff was walking both before and during the time she encountered the headboard;

2. The nature of the physical layout of the headboard as it was leaning up in the aisle during the time plaintiff encountered it;

3. The nature of plaintiff's encounter with the headboard;

4. The open and obvious condition of the headboard prior to plaintiff touching the headboard or any plastic covering surrounding the headboard.;

5. The nature of plaintiff's fall;

6. Who created the condition of the headboard leaning up in the aisle;

7. Whether J.C. Penney had notice of any alleged dangerous condition;

8. The nature and extent of plaintiff's medical history concerning the same parts of her body about which she complains were harmed in the J.C. Penney incident, including her upper extremities, lower extremities, shoulders, knees, feet, spine and hips;

9. Whether plaintiff's medical treatment relates to injuries allegedly sustained in the J.C. Penney incident;

10. Whether any lost wages or earnings are related to any injuries alleged to have occurred at J.C. Penney.

11. The amount and extent of plaintiffs' damages.

### 4. The Principal Legal Issues the Parties Dispute:

The Principal Legal Issues in dispute are:

1. Whether the defendant breached their duty of care to Plaintiffs;

2. Whether Defendant's conduct is the proximate cause of Plaintiff's injuries.

JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER [CIVIL L.R.16-9] - 3

5. **Motions**

Upon completion of sufficient discovery, Defendant is contemplating a Motion for Summary Judgment on the issue of breach of duty and proximate cause. The parties also reserve the right to make pre-trial Motions in Limine.

6. **Amendment of Pleadings**

None contemplated at this time.

7. **Evidence Preservation**

Defendant has produced in its disclosure color copies of two Polaroids of the subject headboard and plastic.

The premises are readily available for inspection.

8. **Disclosures**

Plaintiff has made initial disclosures concerning medical records and bills.

Defendant has made initial disclosures including correspondence with plaintiff, her agents and plaintiffs' counsel, medical bills provided by plaintiff and color copies of two Polaroid photographs of the bed frame and plastic.

Defendant's report of the incident prepared in anticipation of litigation, is privileged and has not been produced. Defendant asserts a privilege of attorney-client communication.

9. **Discovery**

No formal discovery has taken place to date. The parties agree that the discovery limitations in Federal Rules of Civil Procedure will apply absent a stipulation or order to the contrary.

Proposed Discovery Plan [Fed. R. Civ. P. 26(f)

Defendant proposes to conduct the following discovery:

JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER [CIVIL L.R.16-9] - 4

Deposition of plaintiffs, independent medical examination ("IME") of Luella Boren, depositions of employers of plaintiffs from who plaintiffs claim they have lost earnings or wages. Defendants reserve the right to depose Luella Boren's treating physicians and healthcare providers. Defendants will subpoena all medical records and relevant records concerning plaintiff, Louella Boren's medical history as concerns those parts of the body she has allegedly injured at J.C. Penney.

Plaintiff proposes to conduct the following discovery: Written discovery, depositions and site inspections within the limitations provided in the FRCP.

**10.  Class Actions**

Not applicable.

**11.  Related Cases**

Not applicable.

**12.  Relief**

Plaintiffs pray for economic damages in consideration of their special and general damages.

**13.  Settlement and ADR**

The parties have stipulated to mediation. The parties will complete basic discovery to include the deposition of the plaintiffs, an IME and any J.C. Penney employee who witnessed the incident or has knowledge of it, and who are available to testify, as well as responding to basic interrogatories, prior to the mediation, to allow for effective negotiations.

**14.  Consent to magistrate Judge for All Purposes**

The parties have consented.

**15.  Other References**

This action is not suitable for binding arbitration, a special master or Multi District

JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER [CIVIL L.R.16-9] - 5

Litigation.

**16.** **Narrowing of Issues**

None at this early juncture.

**17.** **Expedited Schedule**

Not applicable.

**18.** **Scheduling**

Fact Discovery Cutoff: March 15, 2008

Expert Disclosure Deadline: March 31, 2008

Rebuttal Expert Disclosure: April 15, 2008

Hearing of Dispositive Motions: June 16, 2008

Pre-Trial Conference: July 14, 2008

Trial: August 1, 2008

**19.** **Trial**

Jury trial demanded by defendant, anticipated length 4 to 5 days.

**20.** **Disclosure of Non-Party Interested Entities**

As to defendant, the parent corporation of J.C. Penney Corporation, Inc. is J.C. Penney Company, Inc. There is no publicly held corporation that owns 10% or more of its stock. No other publicly-held entity has any financial interest in the outcome of this litigation.

**21.** **Other**

Counsel for defendant has a long cause trial beginning in March 10, 2008 which is expected to last through the end of April in Contra Costa Superior Court, Martinez, concerning a multi-party coordinated action before The Honorable David Flinn (Knox v. Kinder Morgan, etc., MS4433). Defense counsel has a federal court trial in San Francisco, Jolivet v. J.C. Penney Company, Inc., case number 3:07-cv-02517-emc. As a result of these two trials, and the very

heavy discovery schedule, dispositive motions and trial preparation for the long cause beginning on March 10, 2008. Counsel for defendant will be unavailable to try the instant action prior to August 1, 2008.

Respectfully submitted

Dated: September 27, 2007

**MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP**

By: _____
Lisa A. Villasenor
Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.

Dated: October 2, 2007

**LAW OFFICES OF
MAUREEN E. MCFADDEN**

By: _____
Maureen McFadden
Attorneys for Plaintiffs,
LOUELLA BOREN and LEROY BOREN

JOINT CASE MANAGEMENT STATEMENT and PROPOSED ORDER [CIVIL L.R.16-9] - 7