Lisa A. Villasenor, Esq.
State Bar Number: 133984
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
One California Street, Suite 1100
San Francisco, CA 94111
Telephone:    (415) 217-6990
Facsimile:     (415) 217-6999
lav@mmker.com

Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.

UNITED STATED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUELLA BOREN and LEROY BOREN, | Case No.: C 07-03532 EDL |
| Plaintiffs, | **SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER** |
| vs. | **[Civil L.R. 16-14]** |
| J.C. PENNEY CORPORATION, INC., | Conference Date: May 20, 2008 |
| Defendant. | Time: 10:00 a.m. |
| | Courtroom: E |

Pursuant to Civil L.R. 16-14(d) the parties to the above-entitled action certify that they met and conferred at least 10 days prior to the subsequent case management conference schedule in this case and jointly submit this Supplemental Case management Statement and Proposed Order and request that the Court adopt it as a Supplemental Case Management Order in this case.

**DESCRIPTION OF SUBSEQUENT CASE DEVELOPMENTS**

**1.    The following progress or changes have occurred since the last case management statement filed by the parties:**

The parties participated in a mediation before Joel Franciosa, Esq. on December 20, 2007. Though the parties negotiated, the case was not settled and a large gap remains between the last demand and offer. Since the last conference, a further settlement conference has been scheduled for Wednesday, May 28, 2008 at 2:00 pm before Judge James Larson.

The depositions of the plaintiffs have commenced where the deposition of plaintiff, Louella Boren, was completed on May 5, 2008. Plaintiff Leroy Boren's deposition was commenced but is not complete. Both of these depositions have required extra time in light of the requirement for American Sign Language interpreters that are acceptable to the plaintiffs. In addition, plaintiff has just produced further documents concerning her lost earnings claim, including a calendar that provides for her appointments with doctors. The defense medical examination of plaintiff Louella Boren was completed on April 18, 2008 with orthopedic surgeon, Dave Atkin, MD.

Plaintiffs have requested the deposition of defendant's Person Most Knowledgeable on various topics. Defendant is continuing in good faith to attempt to identify the appropriate person(s) for said deposition. Counsel have tentatively picked dates of June 11th or June 12th for the defendant's deposition.

In light of the extra time it has taken to arrange for and complete the deposition of one plaintiff, and the pending deposition of defendant's Person Most Knowledgeable, the parties have stipulated to extend the previously set discovery cut off dates to allow for discovery to be completed.

B. <u>Defense written discovery to plaintiffs</u>

Defendant may propound interrogatories regarding medical and earnings claims. Plaintiffs have responded to document requests concurrent with their depositions. Defendant reserves document production from Leroy Boren upon re-commencement of his deposition.

C. <u>Deposition of witness</u>

Ms. Debbie Hunt is an independent witness from the scene of the incident, who has yet to be deposed. Defendant reserves the right to depose her if plaintiffs do not.

Mr. Praneel Singh is an ex-employee of Defendant's Loss Prevention Department who witnessed events after Mrs. Boren's fall. Plaintiffs have reserved the right to depose him.

D. <u>Subpoenas of Records</u>

Defendant continues to receive medical records on plaintiff Louella Boren.

///

///

E.  Voluntary explanation of previously submitted medical bills

Plaintiff and defendant have agreed to voluntarily attempt to determine the true amount of incurred and paid medical bills that are related solely to the incident.

**2.  The parties jointly request the Court to make the following Supplemental Case Management Order:**

    A.  Enter an Order on the Parties' Stipulation to Continue Discovery Completion Dates

    Fact Discovery Cutoff: (Current) May 15, 2008 (New: June 30, 2008)

    Expert Disclosure Deadline:(Current) May 30, 2008 (New: July 16, 2008)

    Rebuttal Expert Disclosure: (Current) June 13, 2008 (New: July 28, 2008)

**3.  Settlement and ADR**

The parties have stipulated to mediation. As per this court's prior Case Management Order and the items listed above, the parties will complete the presently scheduled settlement conference and continue on with discovery if the matter is not settled at that time, to allow for effective negotiations.

**4.  Scheduling**

See discussion above for extension of time on discovery matters. Otherwise all other previously ordered dates remain the same:

    Hearing of Dispositive Motions:    August 5, 2008

    Pre-Trial Conference:    November 11, 2008

    Trial:    December 8, 2008

///

Respectfully submitted,

Dated: May 13, 2008

**MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP**

By: _____
Lisa A. Villasenor
Attorneys for Defendant,
J.C. PENNEY CORPORATION, INC.

Dated: May 13, 2008

**LAW OFFICES OF
MAUREEN E. MCFADDEN**

By: /S/  *By permission of Counsel for plaintiffs*
Maureen McFadden
Attorneys for Plaintiffs,
LOUELLA BOREN and LEROY BOREN

# CERTIFICATION OF SERVICE

*LOUELLA BOREN AND LEROY BOREN v. J.C. PENNEY CORPORATION, INC.*
United States District Court - Northern District Case No.: (C 07-03532 EDL)

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is One California Street, Suite 1100, San Francisco, CA 94111.

On May 15, 2008, I served the document described as SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER [Civil L.R. 16-14] on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Maureen E. McFadden, Esq.          **Attorney for Plaintiffs**
Law Offices of Maureen E. McFadden   **LOUELLA BOREN and LEROY BOREN**
819 Bancroft Way
Berkeley, CA 94710
   *Phone: (510) 845-5203*
   *Fax:   (510) 868-0976*

[X] **(BY MAIL)** I caused such envelope to be deposited in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

   I placed such envelope with postage thereon prepaid in the United States mail at San Francisco, California.

   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in an envelope for collection and delivery on this date in accordance with standard _____ overnight delivery procedures.

[ ] **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number: .

[ ] **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

[ ] **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 15, 2008 at San Francisco, California.

_____
Carlos Rios

SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER